UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **HINDUJA TECH, INC, et al.,**  Plaintiffs,  vs.  **VICINITY MOTOR CORP., et al.,**  Defendants. | 2:22-CV-13019-TGB-EAS  HON. TERRENCE G. BERG  **ORDER REQUIRING SUPPLEMENTAL BRIEFING** |

This case is a contract dispute between two groups of affiliated companies. In view of the facts set out in the parties' motion papers, it appears that the Court may lack subject-matter jurisdiction to hear this case for a reason not discussed by either side. Consequently the parties are ordered to submit additional briefing addressing the questions presented in this Order.

## I. BACKGROUND

Plaintiff Hinduja Tech Inc. ("Hinduja Tech") is a Delaware corporation with headquarters in Novi, Michigan. Compl., ECF No. 1, PageID.17. Plaintiff Hinduja Tech Limited ("Hinduja Limited") is an Indian corporation headquartered in Chennai, India, and is Hinduja Tech's parent company. *Id.* at PageID.18-19. For diversity purposes, Hinduja Tech is a citizen of Delaware and Michigan, and Hinduja Limited is a citizen of India.

1

Defendant Vicinity Motor Corporation ("Vicinity") and Vicinity Motor (Bus) Corporation ("Vicinity Bus") are both Canadian corporations with principal places of business in British Columbia. *Id.* Defendant Vicinity Motor (Bus) USA Corporation ("Vicinity Bus USA") is a Delaware corporation with "business operations in Ferndale, WA and Elkhart, IN." *Id.* Vicinity and Vicinity Bus are therefore both Canadian citizens. Vicinity Bus USA is a citizen of Delaware and the state in which it maintains a principal place of business.[1] Vicinity Bus and Vicinity Bus USA are both subsidiaries of Vicinity. *Id.* at PageID.19.

According to the Complaint, Hinduja Limited and Vicinity signed a "Master Services Agreement" in mid-2019. ECF No. 1, PageID.20. Several work orders and invoices were issued under that agreement, some of which allegedly went unpaid by Vicinity or its affiliates. *Id.* Hinduja brought suit against the Vicinity entities in the Circuit Court for the County of Oakland, Michigan. Defendants removed the case to federal court, arguing that federal jurisdiction was proper because the parties were completely diverse. ECF No. 1, PageID.3-4.

Defendants point out that Plaintiff Hinduja Tech is a citizen of Delaware and Michigan, that Plaintiff Hinduja Limited is a citizen of India, and that Defendants Vicinity and Vicinity Bus are both citizens of

---

[1] The citizenship of a corporation depends on the state in which it is incorporated and the state where it maintains its principal place of business, *Hertz Corp. v. Friend*, 559 U.S. 77, 95-97 (2010), not the place in which it merely has "business operations."

2

Canada. Because according to this view no plaintiff has the same citizenship as any defendant, Defendants argue that the requirement that parties be completely diverse is met. *Id.* at PageID.4. But the problem is that Defendant Vicinity Bus USA—like Plaintiff Hinduja Tech—is a citizen of Delaware, and this would appear to defeat complete diversity. Defendants respond, however, that the Court should disregard Vicinity Bus USA's citizenship because it is fraudulently joined. *Id.* at PageID.5.

## II.   DISCUSSION

**a.   The pending motions**

In their Motion to Dismiss (ECF No. 14), Defendants argue that the contract between Vicinity and Hinduja Limited included a mandatory arbitration clause. Therefore, they argue, this case must be dismissed so the parties can arbitrate their dispute, as they agreed to do. Plaintiffs respond that, while the contract *allows* the parties to resolve their disputes through arbitration, it does not require them to do so, and leaves judicial resolution of disagreements available.

In their Motion to Remand (ECF No. 16), Plaintiffs argue that this Court lacks subject-matter jurisdiction because there is not complete diversity: Defendant Vicinity Bus USA and Plaintiff Hinduja Tech are both Delaware citizens. Defendants respond that Hinduja Tech and Vicinity Bus USA had no relationship with one another, were not signatories to the contract, are not real parties in interest here, and were

3

merely named to defeat diversity jurisdiction. Therefore, Defendants argue, those two entities are fraudulently joined and their citizenship should be disregarded for diversity purposes. Plaintiffs reply that the contract includes broad language specifically designating the signatories' subsidiaries and affiliates as parties to the contract.

### b. Complete diversity appears to be lacking

At first blush, it appears that to resolve Plaintiff's motion, the Court must determine whether either or both of Vicinity Bus USA and Hinduja Tech are fraudulently joined. But principles of diversity jurisdiction that apply when a case involves foreign parties may mean that a different inquiry is dispositive. Though neither side has raised that particular jurisdictional issue, the Court has an independent obligation to assure itself that it has jurisdiction. *Kentucky v. Yellen*, 54 F.4th 325, 346 n. 15 (6th Cir. 2022).

Under 28 U.S.C. § 1332(a), the statute that governs a federal court's subject-matter jurisdiction based on diversity, jurisdiction extends only to suits between (1) citizens of different states, (2) citizens of a state and citizens of a foreign state, (3) citizens of different states where citizens of a foreign state are additional parties, and (4) a foreign state as plaintiff and citizens of a state or of multiple states as defendants.

Among these categories, the only possible bases for jurisdiction here would appear to be section 1332(a)(2) and (3). But case law has developed interpreting these provisions, and both in the Sixth Circuit and every

4

other Circuit that has considered the question, federal appellate courts have held that diversity jurisdiction under § 1332(a)(2) is defeated by "the presence of foreign parties on both sides of the dispute." *U.S. Motors v. Gen. Motors Eur.*, 551 F.3d 420, 424 (6th Cir. 2008).

Nor do federal courts have jurisdiction to hear a suit between foreign citizens with a U.S. entity on *one* side of the suit. *See In re DePuy Orthopaedics, Inc. ASR Hip Implant Prod. Liab. Litig.*, 953 F.3d 890, 894-5 (6th Cir. 2020). Under section 1332(a)(3), a federal court may hear a case in which there are foreign parties on both sides of the case, so long as there are properly diverse U.S. citizens on *both* sides of the controversy. But section 1332(a)(3) is of no assistance here, because the only U.S. citizens involved, Hinduja Tech and Vicinity Bus USA, are both citizens of the same state: Delaware.

Accordingly, whether Hinduja Tech and Vicinity Bus USA are proper parties or not, this Court appears to lack subject matter jurisdiction. Assuming that Hinduja Tech and Vicinity Bus USA are *not* fraudulently joined and are proper parties, complete diversity is defeated because both are citizens of Delaware. But if they *are* fraudulently joined, and if the case were go forward without them, it would be a case only between foreign parties, which cannot be heard in federal court. Even if one of Vicinity Bus USA or Hinduja Tech (but not both) is a proper party, neither section 1332(a)(2) nor (3) would apply, because the case would still involve a combination of foreign plaintiffs and defendants, with a

5

U.S. citizen on only one side of the case. That would defeat complete diversity under either subsection. *See DePuy Orthopaedics Litig.*, 953 F.3d at 894-95.

### III. CONCLUSION

In light of the preceding analysis, it appears that this case is not properly in federal court. However, because the Court has raised this issue *sua sponte*, the parties will be afforded the opportunity to brief the question presented.

The parties are **ORDERED** to submit supplemental briefing on the issues identified in this order. Briefs shall be filed by May 30, 2023, and shall not exceed ten pages. To avoid duplicative briefing, Plaintiffs shall submit one joint filing on behalf of all plaintiffs, and Defendants shall submit one joint filing on behalf of all defendants. No responses will be permitted without further authorization by the Court. In the event that both sides agree that this case cannot be heard in federal court, they shall submit a stipulated order dismissing the case by May 30, 2023.

**IT IS SO ORDERED** this 10th day of May, 2023.

BY THE COURT:

/s/Terrence G. Berg
TERRENCE G. BERG
United States District Judge